

FILED

13 MAY -7 AM 10: 54

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                               CASE NO. 8:13-cr-239-T-33MAP

RAFAEL ROCHE and                 18 U.S.C. § 1956(h)
ALAIN REMY                       18 U.S.C. § 982 (Forfeiture)

**SEALED**

**INDICTMENT**

The Grand Jury charges:

## A. INTRODUCTION

At all times relevant to this Indictment:

1. The Medicare Program ("Medicare") was a federal "health care benefit program," as defined by Title 18, United States Code, Section 24(b), that provided medical benefits, items, and services (collectively, "services") to persons age 65 and older or with certain disabilities (hereinafter, "beneficiaries").

2. The Centers for Medicare and Medicaid Services ("CMS"), an agency within the United States Department of Health and Human Services, oversaw and administered Medicare throughout the United States. CMS divided the United States into geographic regions and contracted with various companies in those regions to assist in the administration of Medicare. First Coast Service Options, Inc. ("First Coast") was responsible for administering Medicare in Florida, by virtue of its contract with CMS. In particular, First Coast was responsible for receiving,

processing, and paying Medicare Part A and Medicare Part B claims that were submitted by Florida-based Medicare providers.

3.      Ulysses Acquisitions, Inc. ("Ulysses Acquisitions") was a Delaware corporation registered with the Florida Department of State, Division of Corporations. Its principal places of business were 584 Captain Hendry Drive, Labelle, Hendry County, Florida; 23150 Fashion Drive, Suite T-240, Estero, Lee County, Florida; 12795 Sunland Court, Tampa, Hillsborough County, Florida; and 16250 La Costa Drive, Weston, Broward County, Florida.

4.      Luis Duluc, who was a resident of Florida, and Margarita Grishkoff, who was a resident of Florida, were officers, directors, and/or registered agents of Ulysses Acquisitions.

5.      Luis Duluc and Margarita Grishkoff used Ulysses Acquisitions to purchase clinics including Comprehensive Outpatient Rehabilitation Facilities ("CORFs") for the purposes of falsely and fraudulently billing Medicare for services that were not provided to Medicare beneficiaries.

6.      Renew Therapy Center of Port St. Lucie, LLC ("Renew Therapy") was a Florida company doing business at 2727 N. Highway A1A, #601, Indialantic, Brevard County, Florida, and at 1850 S.E. Port St. Lucie Boulevard, Fort Pierce, St. Lucie County, Florida.  Renew Therapy was a CORF.

7.      On or about September 17, 2007, Ulysses Acquisitions purchased Renew Therapy.  Ulysses Acquisitions, Luis Duluc, and Magarita Grishkoff became officers, directors, and/or registered agents of Renew Therapy.

8. On or about September 21, 2007, a CMS-855A Medicare Enrollment Application for Renew Therapy was submitted to First Coast identifying Ulysses Acquisitions and Luis Duluc as owners of Renew Therapy.

9. On or about October 4, 2007, Luis Duluc opened a business bank account for Renew Therapy at Bank of America, Bank of America account number ending in 6298, and had joint signature authority on this account.

10. From in or around November 2007 and continuing through in or around August 2009, Luis Duluc, Margarita Grishkoff, and Ulysses Acquisitions caused Renew Therapy to submit approximately $10,549,361 in Medicare claims for reimbursement for CORF services, such claims falsely and fraudulently representing that CORF services had been prescribed by a doctor and provided to Medicare beneficiaries.

11. As a result of such false and fraudulent claims, Medicare made payments to Renew Therapy in the approximate amount of $6,248,056, deposited into Renew Therapy's business bank account, Bank of America account number ending in 6298.

12. IRE Diagnostic Center, Inc., ("IRE Diagnostic Center") was a Florida corporation with a principal place of business at 1455 N. Treasure Drive, Apt. 4N, North Miami Village, Miami-Dade County, Florida. It was incorporated on or about January 4, 2007.

13. Ariguanabo Investment Group, Inc. ("Ariguanabo Investment Group") was a Florida corporation with a principal place of business at 175 Fountainbleau

Boulevard, Suite 2-G2, Miami, Miami-Dade County, Florida. It was incorporated on or about January 28, 2009.

14. Ibiza Future Planning, Inc. ("Ibiza Future Planning") was a Florida corporation with a principal place of business at 10550 NW 77th Court, #310, Hialeah Gardens, Miami-Dade County, Florida. It was incorporated on or about January 28, 2009.

15. A&R Medical Services of South Florida, Inc. was a Florida corporation with a principal place of business at 1455 N. Treasure Drive, Apt. 4N, North Bay Village, Miami-Dade County, Florida. It was incorporated on or about December 5, 2006.

## B. DEFENDANTS

16. Defendant RAFAEL ROCHE, a resident of Miami-Dade County, was a registered agent and president of IRE Diagnostic Center. ROCHE incorporated Ariguanabo Investment Group and was a registered agent and vice president of Ariguanabo Investment Group. ROCHE incorporated A&R Medical Services and was vice president and registered agent of A&R Medical Services.

17. Defendant ALAIN REMY, a resident of Miami-Dade County, incorporated IRE Diagnostic Center and was a registered agent and officer or director of IRE Diagnostic Center. REMY incorporated Ibiza Future Planning and was a registered agent and president of Ibiza Future Planning. REMY was president of A&R Medical Services.

18. RAFAEL ROCHE had signature authority on a business bank account for Ariguanabo Investment Group at Bank of America, Bank of America account number ending in 2636.

19. RAFAEL ROCHE and ALAIN REMY each had signature authority on a business bank account for IRE Diagnostic Center at Bank of America, Bank of America account number ending in 9655.

20. From in or around August 2008 and continuing through in or around January 2009, approximately $612,348 from Renew Therapy was deposited into IRE Diagnostic Center's Bank of America account ending in 9655.

21. From in or around February 2009 and continuing through in or around September 2009, approximately $1,234,873 from Renew Therapy was deposited into Ariguanabo Investment Group's Bank of America account ending in 2636.

## COUNT ONE
### (Conspiracy To Commit Money Laundering)
### (18 U.S.C. § 1956(h))

1. Paragraphs 1 through 21 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

2. Beginning in or around September 2007 and continuing through in or around November 2009 in the Middle District of Florida, and elsewhere, the defendants,

RAFAEL ROCHE,
and
ALAIN REMY

5

did willfully, that is, with the intent to further the objects of the conspiracy, and knowingly combine, conspire, and agree with each other and with other persons, known and unknown to the Grand Jury, to commit offenses against the United States, that is,

    a.    to knowingly conduct a financial transaction affecting interstate and foreign commerce, which financial transaction involved the proceeds of specified unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, and knowing that the transaction was designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

    b.    to knowingly engage in a monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1957.

It is further alleged that the specified unlawful activity is health care fraud, in violation of Title 18, United States Code, Section 1347.

## C. **MANNER AND MEANS**

3.   Luis Duluc, Margarita Grishkoff, and their co-conspirators would cause Ulysses Acquisitions to acquire and maintain control of Renew Therapy.

4.   RAFAEL ROCHE and ALAIN REMY would establish corporations with the State of Florida, including IRE Diagnostic Center and Ariguanabo Investment Group, and establish and maintain control of business bank accounts in the names IRE Diagnostic Center, Ariguanabo Investment Group, and others.

5.   Luis Duluc, Margarita Grishkoff, and their co-conspirators would cause Renew Therapy to submit false and fraudulent reimbursement claims to Medicare.

6.   Luis Duluc and his co-conspirators would establish and maintain control of a business bank account for Renew Therapy into which Medicare would deposit reimbursements based on fraudulent claims, which reimbursements would then be transferred and disbursed to themselves and their co-conspirators, including through deposits into IRE Diagnostic Center's and Ariguanabo Investment Group's bank accounts.

7.   RAFAEL ROCHE and ALAIN REMY would disburse and cause the disbursement of money from IRE Diagnostic Center's and Ariguanabo Investment Group's bank accounts to themselves and their co-conspirators.

All in violation of Title 18, United States Code, Section 1956(h).

All in violation of Title 18, United States Code, Section 1956(h).

## **FORFEITURE**

1.  The allegations contained above are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(7).

2.  Upon conviction of the violations alleged in this Indictment, punishable by imprisonment for more than one year, the defendants,

RAFAEL ROCHE and
ALAIN REMY

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(7), any and all right, title, and interest they may have in any property, real or personal, involved in such offenses, or any property traceable to such violation, including, but not limited to, a forfeiture money judgment of at least $1,847,222, representing the funds involved in or traceable to the money laundering offense.

3.  If any of the property described above, as a result of any act or omission of the defendants:

    a.  cannot be located upon the exercise of due diligence;
    b.  has been transferred or sold to, or deposited with, a third party;
    c.  has been placed beyond the jurisdiction of the court;
    d.  has been substantially diminished in value; or
    e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

A TRUE BILL,

_____
FOREPERSON

ROBERT E. O'NEILL
United States Attorney

By: _____
CHRISTOPHER J. HUNTER
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

By: _____
ROBERT A. MOSAKOWSKI
Assistant United States Attorney
Chief, Economic Crimes Section

T:\_Criminal Cases\R\Roche, Rafael_2013R01030_ch\p_indictment.wpd

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

THE UNITED STATES OF AMERICA

vs.

RAFAEL ROCHE and
ALAIN REMY

## INDICTMENT

Violations:

18 U.S.C. § 1956(h)

A true bill,

_____
Foreperson

Filed in open court this 7th day

of May 2013.

_____
Clerk

Bail $_____

GPO 863 525

L:\_Criminal Cases\R\Roche, Rafael_2013R01030_ch\f_Indictment Back.wpd